UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERTA KOPKO, by its attorney in fact Progressive Spine and Orthopaedics, LLC under a power of attorney,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>VERIZON MID ATLANTIC PPO MEDICAL PLAN, JOHN DOE (1-100), a fictitious person who is presently unknown and XYZ CORP. (1-100), a sole proprietorship, limited liability company and/or Self-Funded health plan whose identity is presently unknown,<br><br>　　　　　　　　　Defendants. | CIVIL ACTION No._____<br><br><br><br>**NOTICE OF REMOVAL**<br><br><br>*Document Electronically Filed* |

**TO**:　THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
　　　　FOR THE DISTRICT OF NE JERSEY

**ON NOTICE TO:**

Jeffrey M. Halkovich, Esq.
HALKOVICH LAW, LLC
266 Harristown Road, Suite 302
Glen Rock, New Jersey 07452
(201) 292-1618
*Counsel for Plaintiff*

Michelle M. Smith
Clerk of the Superior Court of New Jersey
R.J. Hughes Justice Complex
25 West Market Street
Trenton, New Jersey 08625

Deputy Clerk, Superior Court of New Jersey
Bergen County Courthouse
Civil Division, Room 115
10 Main Street
Hackensack, New Jersey 07601

1

**PLEASE TAKE NOTICE** that, without waiving any defenses, Defendant Verizon Managed Care network and Medical Expense Plan for Mid-Atlantic Associates ("Defendant" or "Verizon"), improperly named as Verizon Mid Atlantic PPO Medical Plan, by and through its counsel, hereby removes this civil action, pending in the Superior Court of New Jersey, Bergen County, Index No. BER-L-002560-20 (the "State Court Action"), to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of removal, Verizon avers as follows:

1. Pursuant to Rule 10.1(a) of the Local Civil Rules of this District Court, the addresses of the named parties are as follows:

   a) Plaintiff Roberta Kopko ("Kopko" or "Plaintiff") is an individual with an address of XXX Chase Avenue, Lyndhurst, New Jersey 07071. *See* Compl. ¶ 1.

   b) Plaintiff alleges that the action is being brought by Kopko's "Attorney in Fact Progressive Spine and Orthopaedics, LLC under a power of attorney." *Id*. ¶ 2. Upon information and belief, Progressive Spine and Orthopaedics, LLC is a New Jersey healthcare provider with its principal place of business at 440 Curry Avenue, Englewood, New Jersey 07631.

   c) Defendant is an employee benefit plan sponsored by Verizon Communications Inc., a Delaware limited liability company, with its principle place of business located at One Verizon Way, Basking Ridge, New Jersey 07920.

2

**I.     REMOVAL OF THE STATE COURT ACTION TO THIS DISTRICT COURT IS PROCEDURALLY PROPER**

2. This action is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

3. Plaintiff instituted the State Court Action by filing a summons and complaint on April 30, 2020 (the "Complaint"). On May 11, 2020, Plaintiff filed a motion to correct data (the "Motion"), which was granted by the Court on June 5, 2020 (the "Order"). A copy of the Complaint, Motion, Order and the track assignment notice is attached hereto as **Exhibit A**.

4. On or about June 17, 2020, Plaintiff caused a copy of the Complaint to be served on Verizon.

5. No other proceedings have been held in the Superior Court of New Jersey, Law Division, Bergen County. The documents attached hereto as Exhibit A thus constitute all process, pleadings and orders received by Verizon concerning this action.

6. Verizon is represented by the undersigned and consents to the removal of the State Court Action.   The undersigned is duly authorized to effect removal on Verizon's behalf.

7. Because this Notice of Removal is filed within thirty (30) days of service of the Complaint, it is timely under 28 U.S.C. § 1446(b).

8. Pursuant to 28 U.S.C. § 1441(a), venue is proper in this District Court because it is the district court for the district and division embracing the place where the State Court Action is pending.

9. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal—by a document titled "Notice of Filing Notice of Removal"—will be promptly filed with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County and served

on Plaintiff's counsel of record, as specified on page 1 of this Notice of Removal. A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit B**.

## II. FEDERAL QUESTION JURISDICTION EXISTS BECAUSE THE COMPLAINT ASSERTS ONE CAUSE OF ACTION UNDER ERISA

10. Federal question jurisdiction exists in this matter pursuant to 28 U.S.C. § 1331, which provides that the district court has original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." This Court has original subject matter jurisdiction over this entire action under 28 U.S.C. § 1441(a), which provides for removal of any civil action founded on a claim or right arising under the laws of the United States.

11. The Complaint asserts one cause of action against Verizon for "Action to Enforce a Plan Benefit Pur[suant] to U.S.C. § 1132(a)(1)(b)." (Ex. A, Compl. ¶¶ 14-21). Plaintiff's alleged claim challenges Verizon's administration of benefits under the patient's health benefits plan, which, as Plaintiff admits, is governed by the Employee Retirement Income Security Act ("ERISA") and, as such, is undeniably based upon the terms of the pertinent plan. (*Id.,* Compl. ¶ 3).

12. Because the Complaint, which seeks to recover benefits under a health benefits plan subject to ERISA, there can be no question that the claim falls within the scope of ERISA's civil enforcement scheme, § 502(a), which provides the exclusive remedies for plans governed by ERISA and thus triggers federal question jurisdiction under 28 U.S.C. § 1331. *See* 29 U.S.C. § 1132(a); *See Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 271–72 (3d Cir. 2001) ("[T]here can be no question that causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court."); *See also Mints v. Educ. Testing Serv.,* No. CIV. 95-3446(CSF), 1995 WL 907598, at *2 (D.N.J. Sept. 18, 1995) (pleading of "federal claim [is] sufficient to trigger federal jurisdiction").

13. A cause of action that is filed in state court within the scope of Section 502(a) of ERISA, 29 U.S.C. § 1132(a) is removable to federal court under 28 U.S.C. § 1441(a) as an action arising under federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U. S. 1, 9-12 (1983) ("Under 28 U. S. C. § 1441, removal of an action from state to federal court is permissible when the federal court has original jurisdiction of the action because it is founded on a claim arising under federal law. The well-pleaded-complaint rule indicates that a cause of action arises under federal law, and removal is proper only if a federal question is presented on the face of the plaintiff's properly-pleaded complaint.").

14. By reason of the foregoing, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132. As an action of a civil nature founded on a claim or right arising under the laws of the United States, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

15. To the extent that any claim at issue in this action is not governed by ERISA, this Court has supplemental jurisdiction over any otherwise non-removable claims and may determine all issues therein.

### III.  ALL OTHER PREREQUISITES FOR REMOVAL HAVE BEEN MET

24. In addition to satisfying the requirements of federal question jurisdiction, Verizon has satisfied all other requirements for removal.

25. Removal of this case to the United States District Court for the District of New Jersey does not constitute a waiver by Verizon of the right to seek dismissal of this action in any court.

26. As noted above, this Notice of Removal satisfies the requirements of 28 U.S.C. § 1446(b) because Verizon's counsel has filed this Notice of Removal within thirty (30) days of Verizon receiving service of copy of the Complaint.

27. Verizon removes this action to this District Court without waiver of any defenses, procedural or substantive, that may be available.

**WHEREFORE** Defendant prays this District Court will remove the State Court Action, in its entirety, and request that further proceedings be conducted in this District court as provided by law.

Dated: New York, New York
June 25, 2020

Respectfully submitted,

**TROUTMAN SANDERS LLP**
By: */s/ Valerie Sirota*
Valerie Sirota
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6000
Facsimile: (212) 704-6288
Valerie.sirota@troutman.com

*Attorneys for Defendant*

## LOCAL CIVIL RULE 11.2 CERTIFICATION AND
## CERTIFICATE OF SERVICE

I, Valerie Sirota, hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any other court or any pending arbitration or administrative proceeding.

On June 25 2020, I caused the foregoing to (i) be filed with the Clerk of the Court by the Court's ECF system and (ii) served upon Plaintiff's counsel by sending a true and correct copy of the foregoing by Federal Express to:

>Jeffrey M. Halkovich, Esq.
>HALKOVICH LAW, LLC
>266 Harristown Road, Suite 302
>Glen Rock, NJ 07452
>(201) 292-1618

Dated:     New York, New York
           June 25, 2020                    Respectfully submitted,

                                            **TROUTMAN SANDERS LLP**

                                            By: */s/ Valerie Sirota*
                                            Valerie Sirota
                                            *Attorneys for Defendant Verizon Mid Atlantic PPO Medical Plan*