# EXHIBIT A

**HALKOVICH LAW, LLC**
266 Harristown Road, Suite 302
Glen Rock, NJ 07452
(201) 292-1618
Attorney(s) For Plaintiff
Jeffrey M. Halkovich, Esq.
BAR ID #: 038522005

ROBERTA KOPKO, by it's attorney in fact
Progressive Spine and Orthopaedics, LLC under a
power of attorney,

        Plaintiff,

**SUPERIOR COURT OF NEW JERSEY**
**BERGEN COUNTY**
**LAW DIVISION: CIVIL PART**

-v-

**Docket No.:**

VERIZON MID ATLANTIC PPO MEDICAL
PLAN, JOHN DOE (1-100) a fictitious person who is
presently unknown and XYZ CORP. (1-100), a
fictitious partnership, corporation,
sole proprietorship, limited liability company
and/or Self Funded health plan whose identity is
presently unknown

**CIVIL ACTION**

        Defendant(s).

**COMPLAINT**

The Plaintiff, ROBERTA KOPKO, by her Attorney in Fact Progressive Spine and

Orthopaedics, LLC, under a Power of Attorney, whose address XXX Chase Ave, Lyndhurst, New

Jersey, by way of Complaint against the Defendant(s), VERIZON MID ATLANTIC PPO

MEDICAL PLAN, JOHN DOE (1-100) and XYZ CORP (1-100) says:

<u>**THE PARTIES**</u>

1.     At all times mentioned hereinafter Plaintiff, ROBERAT KOPKO is an individual

with an address of XXX Chase Ave, Lyndhurst, New Jersey.

2.      At all relevant times, PROGRESSIVE SPIEN AND ORTHOPAEDCS, LLC, is the true and lawful Attorney in Fact for ROBERTA KOPKO.  (See Exhibit A.)

3.      Upon information and belief and at all times mentioned hereinafter Defendant(s), VERIZON MID ATLANTIC PPO MEDICAL PLAN, JOHN DOE (1-100) and/or XYZ CORP (1-100) is the Plan Sponsor of a self-funded employee welfare benefits plan within the meaning of the Employee Retirement Income Security Act of 1974 (ERISA) which provides its' beneficiaries, member(s) and/or insured(s) certain health and welfare benefits.

4.      At all relevant times mentioned hereinafter Defendant(s) VERIZON MID ATLANTIC PPO MEDICAL PLAN, JOHN DOE (1-100) and XYZ CORP (1-100) sponsored a health and welfare benefits Plan which provided certain health and welfare benefits to its insured, ROBERTA KOPKO.

5.      The Plan and/or its Third Party Administrator (TPA) assigned Insurance ID number AN6268XXX to Plaintiff.

### ANATOMY OF THE CLAIM

6.      This dispute arises from Defendant's failure to properly reimburse Plaintiff, ROBERTA KOPKA for the medically necessary, reasonable and valuable surgical services provided to her on or about September XX, 2019.

7.      On or about September XX 2019, Plaintiff, ROBERTA KOPKA was provided with certain medically necessary, reasonable and valuable surgical services for a certain lumbar spine surgery.

8.      ROBERAT KOPKA is a beneficiary, member and/or insured of Defendant(s)' Medical Plan and is eligible and entitled to benefits under the terms of same.

9.     On or about September 16, 2019, a HCFA 1500 claim form(s) was sent to Defendant and/or their Third Party Administrator (TPA) Anthem Blue Cross Blue Shield for reimbursement of the services provided to Plaintiff on September XX, 2019.

10.     On or about April 10, 2020, the Plans applicable administrative appeal procedures were exhausted.

11.     To date, the Plan has only paid $10,062.88 with regard to the treatment rendered to Plaintiff on September XX, 2019.

12.     At all times mentioned hereinafter, Defendant(s), VERIZON MID ATLANTIC PPO MEDICAL PLAN, JOHN DOE (1-100) and XYZ CORP (1-100) have failed to comply with the terms of its Plan, including but not limited to the out of network portion, maximum charges section, recognized charges section, maximum allowable charges and the medical/cpt coding section(s) of Defendant's Summary Plan Description (SPD) including but not limited to pages 9 and 10 of same.

13.     Accordingly, Plaintiff brings this action through its Attorney In Fact to enforce a Plan benefit pursuant to 29 U.S.C. §1132 (a)(1)(b) in the amount of $218,216.00.

<u>COUNT 1</u>

<u>ACTION TO ENFORCE A PLAN BENEFIT PURUSUNAT TO U.S.C. §1132 (a)(1)(b)</u>

14.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint and incorporates same by reference hereto.

15.     Section 502 (a)(1)(b) codified at 29 U.S.C. §1132 (a)(1)(b) provides a cause of action for a beneficiary or participant seeking to enforce a benefit under a Plan.

16.     Plaintiff has standing to seek the relief requested based on a true and lawful power of attorney executed by Roberta Kopko naming Progressive Spine and Orthopedics, LLC its true

and lawful Attorney in Fact. (See Exhibit A.)

17.     Plaintiff properly made a claim for benefits when it submitted a HCFA 1500 claim form to Defendant and/or their Third Party Administrator for the services rendered to Ms. Kopko on September 16, 2019.

18.     Furthermore, the Plans applicable administrative appeal procedures were exhausted.

19.     Roberta Kopko is entitled to additional reimbursement pursuant to the terms of Defendant's Plan, including but not limited to the out of network portion, maximum charges section, recognized charges section, maximum allowable charges and the medical/cpt coding section(s) of Defendant's Summary Plan Description (SPD) including but not limited to pages 9 and 10 of same in the amount of $218,216.00 for the services provided to her on September 16, 2019.

20.     Plaintiff alleges that Defendant's action to deny correct reimbursement for the services rendered to Roberta Kopko. was arbitrary, capricious, wrongful, improper, and in violation of the terms of its Plan.

21.     As a result, Roberta Kopko. has been damaged and continues to suffer damages in the amount of $218,216.00

**WHEREFORE**, Plaintiff, ROBERTA KOPKO by its Attorney in Fact Progressive Spine and Orthopaedics, LLC under a Power of Attorney, hereby demands judgment for damages against the Defendant(s), VERIOZN MID ATLANTIC PPO MEDICAL PLAN, JOHN DOE (1-100) and XYZ CORP (1-100) as follows:

A. For an Order directing Defendant to pay Plaintiff $218,216;

B. For an Order directing Defendant to pay Plaintiff all benefits Roberta Kopko. is entitled to under the terms of its Plan;

C. For compensatory damages and interest;

D. For attorneys' fees and costs

E. For such other relief as the Court may deem just and proper.

DATED: April 30, 2020

Respectfully submitted,

Jeffrey M. Halkovich
HALKOVICH LAW, LLC
266 Harristown Road, Suite 302
Glen Rock, NJ 07452
(201) 292-1618
jhalkovich@halkovchlaw.com
*Attorneys for Plaintiff, Roberta Kopko by its attorney*
*in fact Progressive Spine and Orthopaedics, LLC*
*under a power of attorney*

## CERTIFICATION

In accordance with Rule 4:5-1, I hereby certify that the matter in controversy is not the subject of any other action in any Court or of a pending arbitration proceeding.

Jeffrey M. Halkovich
Attorney for Plaintiff

DATED: April 30, 2020

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4 Plaintiff(s) hereby designate Charles H. Lynch, Esq. as trial counsel.

## CERTIFICATION PURSUANT TO R. 1:38-7

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

Jeffrey M. Halkovich
Attorney for Plaintiff

DATED: April 30, 2020

# EXHIBIT A

# LIMITED POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that I, Roberta Koeko (the "Grantor"), residing at hereby declares as follows:

## I. APPOINTMENT OF ATTORNEY-IN-FACT

I hereby make, constitute and appoint ("Grant") PROGRESSIVE SPINE AND ORTHOPAEDICS, LLC as my true and lawful Attorney-in-Fact and Agent for me and in my name, place and stead and for my benefit, or any alternate appointed in accordance with the provisions of this agreement (the "Attorney-in-Fact" or "Agent").

## II. POWERS OF ATTORNEY-IN-FACT

I grant to my Attorney-In-Fact these limited powers and rights necessary to effect the following, including the power to:

a. pursue by any means necessary the collection of monies, funds, benefits, which may be due from my insurance company or plan sponsor for medical/surgical services performed by PROGRESSIVE SPINE AND ORTHOPEDICS, LLC and/or DR. JOSHUA ROVNER, MD on me. These means include but are not limited to the following powers:  The right to obtain documentation from the insurance carrier or plan sponsor, to right to file appeals of any denials or underpayments, the right to file for arbitration, the right to initiate litigation in both state and federal court, the right to collect monies owed on my behalf and for any other means necessary to effect the collection of monies, funds or benefits which may be due me for services rendered by PROGRESSIVE SPINE AND ORTHOPEDICS, LLC and/or DR. JOSHUA ROVNER, MD.

## III. ADDITIONAL POWERS

In addition to and not by way of limitation upon any other powers conferred upon my Attorney-In-Fact and Agent herein, I grant to said Attorney-In-Fact full power and authority to do, take and perform each and every act and thing whatsoever requisite, proper, or necessary to be done, in the exercise of any of the rights and powers herein granted, or available under law to an attorney-in-fact, as fully to all intents and purposes as I might or could do if I were personally present, with full power of substitution or revocation, hereby ratifying and confirming all that said Attorney-In-Fact shall lawfully do or cause to be done by virtue of this power of attorney and the rights and powers herein granted.

## IV. HEALTH CARE AUTHORIZATION

This power will also serve to authorize **my Attorney-In-Fact** to act in my place and stead and this shall constitute a limited health care proxy allowing **my Attorney-In-Fact** to execute all necessary forms, make all distributions, pay all bills, and receive all medical benefits from any insurer. He/she shall also take such actions reasonable and necessary to implement such decisions, including the providing of financial resources.

## V. APPROVAL

I hereby approve and confirm all acts my Attorney-In-Fact does on my behalf. I hereby ratify and confirm all acts whatsoever my said Attorney-In-Fact or Agent shall do or cause to be done, by virtue of this power of attorney.

## VI. CONTINUANCE

This power of attorney shall remain in full force and effect until ~~and such time as I revoke the power of attorney in writing and deliver same to PROGRESSIVE SPINE AND ORTHOPEDICS, LLC via certified mail to 440 Curry Ave., Suite A, Englewood, NJ 07631.~~ APRIL 20, 2021

## VII. THIRD PARTY RELIANCE

Third parties may rely upon the representations of my Attorney-In-Fact as to all matters relating to any power granted to my Attorney-In-Fact as my Agent, and no person who may act in reliance upon the representations of my Agent or the authority granted to my Agent shall incur any liability to me or my estate as a result of permitting my Agent to exercise any power. Any third party may rely on a duly executed counterpart of this instrument, or a copy thereof, as fully and completely as if such third party had received the original of this instrument. Any third party may rely on the authority of any Alternate Attorney-In-Fact where such Alternate Attorney-In-Fact presents an original executed copy of this Power of Attorney. Such third party need not request proof that my Attorney-In-Fact or any prior named Alternate Attorney-In-Fact is unable or unwilling or serve in such capacity.

## VIII. EFFECTIVE DATE

The Grant to my Attorney-In-Fact shall take effect on the date of the execution of this Limited Power of Attorney.

## IX. CONSTRUCTION

This instrument is to be construed and interpreted as a limited power of attorney. The enumeration of specific items, rights, acts or powers herein is not intended to, nor does it limit or restrict, and is not to be construed or interpreted as limiting or restricting the general powers herein granted to said Attorney-In-Fact. This instrument is executed and delivered in the State of New Jersey, and the laws of the State of New Jersey shall govern all questions as to the validity of this power and the construction of its provisions. Should any provision or power in this document not be enforceable, such enforceability shall not affect the enforceability of the rest of this document.

## X. STATE LAW

This instrument is executed and delivered in the State of New Jersey, but it is intended that the applicable laws of any appropriate state shall govern all questions as to the validity of this power and the construction of its provisions.

This provision shall be interpreted in the broadest terms so as to remain in effect to the fullest extent provided for under the laws of the State of New Jersey, including, but not limited to: N.J.S.A. 46:2B-8.

Witnessed by:

Witness: _____

Grantor: _____

Witness: _____

## ACKNOWLEDGMENT

)
)SS:
)

**I CERTIFY** that on the 20ᵗʰ day of April , 2020, Roberta Kaplo , personally came before me and acknowledged under oath, to my satisfaction, that this person (or if more than one, each person):

(a) is named in and personally signed this document; and
(b) signed, sealed and delivered this document as his or her act and deed.

ROZA JATKR
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES JAN. 26, 2021

3

```
BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK        NJ 07601-7680
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 221-0700
COURT HOURS  8:30 AM - 4:30 PM


                         DATE:  APRIL 30, 2020
                         RE:    KOPKO ROBERTA  VS VERIZON MID ATLANTIC  PPO MEDI
                         DOCKET: BER L -002560 20


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.

     DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON PETER G. GEIGER

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (201) 527-2600.


      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                              ATT: JEFFREY M. HALKOVICH
                              HALKOVICH LAW, LLC
                              266 HARRISTOWN RD
                              STE 302
                              GLEN ROCK        NJ 07452


ECOURTS
```



# HALKOVICH | LAW
## ATTORNEYS AT LAW

Charles H. Lynch, Esq.*
Phone: (201) 292-1618
Fax: (201) 292-1356
clynch@halkovichlaw.com

Kasia Krynski-Paralegal
Phone: (201) 292-1618
Fax: (201) 292-1356
kkrynski@halkovichlaw.com

*Admitted in NJ

May 11, 2020

VERIZON MID ATLANTIC PPO
MEDICAL PLAN
One Verizon Way
Basking Ridge, New Jersey 07920

RE: ROBERTA KOPKO, by it's attorney in fact Progressive Spine and Orthopaedics,
LLC under a power of attorney v.  VERIZON MID ATLANTIC PPO MEDICAL PLAN,
et.al.
Docket No.: BER-L-002560-20

Dear Sir/Madam:

Please find attached hereto a Notice of Motion to correct metadata. Please be advised that this
motion is returnable on June 5, 2020.

Thank you for your time and consideration.

Very truly yours,

Charles H. Lynch

Encl.
CHL/

266 Harristown Road, Suite 302
Glen Rock, New Jersey 07452

**HALKOVICH LAW, LLC**
266 Harristown Road, Suite 302
Glen Rock, NJ 07452
(201) 292-1618
Attorney(s) For Plaintiff
Charles H. Lynch, Esq.
BAR ID #: 005971987

SUPERIOR COURT OF NEW JERSEY
BERGEN COUNTY

---

ROBERTA KOPKO, by it's attorney in fact
Progressive Spine and Orthopaedics, LLC under a
power of attorney

LAW DIVISION

Plaintiff,

Docket No.: BER-L-002560-20

v.

**CIVIL ACTION**

VERIZON MID ATLANTIC PPO MEDICAL
PLAN, JOHN DOE (1-100) a fictitious person who is
presently unknown and XYZ CORP. (1-100), a
fictitious partnership, corporation,
sole proprietorship, limited liability company
and/or Self Funded health plan whose identity is
presently unknown

**NOTICE OF MOTION TO**
**CORRECT METADATA**

Defendant(s).

---

TO:   **VERIZON MID ATLANTIC PPO MEDICAL**
      **PLAN**
      **One Verizon Way**
      **Basking Ridge, New Jersey 07920**

**PLEASE TAKE NOTICE** that Charles H. Lynch, Esq., counsel for the Plaintiff, will move
before the Superior Court of New Jersey at the Bergen County Courthouse, 10 Main Street,
Hackensack, New Jersey on **Friday, June 5, 2020** at nine o'clock in the forenoon or as soon
thereafter as counsel can be heard, for an Order to correct meta data to correct the named
Defendants to VERIZON MID ATLANTIC PPO MEDICAL PLAN, JOHN DOE (1-100) a
fictitious person who is presently unknown and XYZ CORP. (1-100), a fictitious partnership,
corporation, sole proprietorship, limited liability company and/or Self Funded health plan whose
identity is presently unknown.

The Plaintiff will rely upon the attached Certification of counsel.

Counsel also waives oral argument, and consents to disposition on the papers pursuant to Rule 1:6-2 unless opposition to this motion is filed in which case oral argument would be requested.

Charles H. Lynch
Attorney for Plaintiff

DATED: May 11, 2020

## CERTIFICATION OF SERVICE

I hereby certify that the original of the within Notice of Motion has been filed with the Bergen County Motions Clerk together with an original of the proposed Order.

Additionally a copy of the within motion has been served upon the Defendant Verizon Mid Atlantic PPO Medical Plan at One Verizon Way Basking Ridge, New Jersey 07920

Charles H. Lynch
Attorney for Plaintiff

## CERTIFICATION

I hereby certify that the foregoing statements are true to the best of my knowledge. I understand that if any of the foregoing statements are willfully false, I am subject to punishment.

Charles H. Lynch
Attorney for Plaintiff

DATED: May 11, 2020

**HALKOVICH LAW, LLC**
266 Harristown Road, Suite 302
Glen Rock, NJ 07452
(201) 292-1618
Attorney(s) For Plaintiff
Charles H. Lynch, Esq.
BAR ID #: 005971987

SUPERIOR COURT OF NEW JERSEY
BERGEN COUNTY

ROBERTA KOPKO, by it's attorney in fact
Progressive Spine and Orthopaedics, LLC under a
power of attorney

LAW DIVISION

Plaintiff,

Docket No.: BER-L-002560-20

v.

**CIVIL ACTION**

VERIZON MID ATLANTIC PPO MEDICAL
PLAN, JOHN DOE (1-100) a fictitious person who is
presently unknown and XYZ CORP. (1-100), a
fictitious partnership, corporation,
sole proprietorship, limited liability company
and/or Self Funded health plan whose identity is
presently unknown

**CERTIFICATION OF COUNSEL**

Defendant(s).

 

I, Charles H. Lynch, Esq., of full age, being duly sworn according to law, upon my oath depose

and say:

1. I am an Attorney at Law of the State of New Jersey and am an associate at Halkovich Law,
LLC located at 266 Harristown Road, Suite 302 Glen Rock, New Jersey 07452. I have been
entrusted with the handling of this matter on behalf of the Plaintiff ROBERTA KOPKO, by
it's attorney in fact Progressive Spine and Orthopaedics, LLC under a power of attorney
and am fully familiar with the facts pertaining to it.

2. Jeffrey Halkovich, Esq. electronically filed a Complaint in the above matter on April 30,

2020. (See **Exhibit A**).

3. This firm subsequently became aware that due to an error, the Defendants were incorrectly

entered into eCourts without properly listing the fictitious Defendants as listed in the Complaint.

4. On April 30, 2020 this office received a deficiency notice from the Clerk of the Bergen County Superior Court stating that as to the Original Complaint, the data entered in eCourts (metadata) did not match the information contained in the document(s).

5.     This typographical error was corrected in eCourts and the Complaint was filed again on April 30, 2020 as a deficiency correction.

6.     On May 1, 2020 the Court sent to this office a deficiency notice stating that a motion to correct data must be filed to add fictitious parties.

7.     Plaintiff hereby wishes to be allowed to correct the metadata to correctly identify the named Defendants as VERIZON MID ATLANTIC PPO MEDICAL PLAN, JOHN DOE (1-100) a fictitious person who is presently unknown and XYZ CORP. (1-100), a fictitious partnership, corporation, sole proprietorship, limited liability company and/or Self Funded health plan whose identity is presently unknown in the eCourts system.

8.     No Defendant has filed an answer in the within matter as of today, therefore an amendment to the metadata as requested will not in any way delay prosecution of this matter, or prejudice any of the parties.

9.     This Certification is made in support of Plaintiff's motion seeking leave to correct the metadata to correctly identify the named Defendants in the eCourts system so that it matches the information listed in the Complaint.

10.    I hereby certify that the foregoing statements are true to the best of my knowledge and that if any of the foregoing statements are willfully false, I am subject to punishment.

**WHEREFORE**: Plaintiff respectfully requests that the court enter the attached proposed Order allowing Plaintiff to correctly identify the named Defendants as VERIZON MID ATLANTIC PPO MEDICAL PLAN, JOHN DOE (1-100) a fictitious person who is presently unknown and XYZ CORP. (1-100), a fictitious partnership, corporation, sole proprietorship, limited liability company and/or Self Funded health plan whose identity is presently unknown in the eCourts system as well as any and all other relief the Court deems just and proper.

Dated: May 11, 2020

Charles H. Lynch
Attorney for Plaintiff

**HALKOVICH LAW, LLC**
266 Harristown Road, Suite 302
Glen Rock, NJ 07452
(201) 292-1618
Attorney(s) For Plaintiff
Charles H. Lynch, Esq.
BAR ID #: 005971987

SUPERIOR COURT OF NEW JERSEY
BERGEN COUNTY

ROBERTA KOPKO, by it's attorney in fact
Progressive Spine and Orthopaedics, LLC under a
power of attorney

LAW DIVISION

        Plaintiff,

Docket No.: BER-L-002560-20

v.

**CIVIL ACTION**

VERIZON MID ATLANTIC PPO MEDICAL
PLAN, JOHN DOE (1-100) a fictitious person who is
presently unknown and XYZ CORP. (1-100), a
fictitious partnership, corporation,
sole proprietorship, limited liability company
and/or Self Funded health plan whose identity is
presently unknown

        Defendant(s).

**ORDER**

**THIS MATTER** having come before the Court by Charles H. Lynch, Esq., on behalf of the Plaintiff ROBERTA KOPKO, by it's attorney in fact Progressive Spine and Orthopaedics, LLC under a power of attorney for an Order permitting Plaintiff to correctly identify the named Defendants as VERIZON MID ATLANTIC PPO MEDICAL PLAN, JOHN DOE (1-100) a fictitious person who is presently unknown and XYZ CORP. (1-100), a fictitious partnership, corporation, sole proprietorship, limited liability company and/or Self Funded health plan whose identity is presently unknown in NJ eCourts; and for good cause having been shown,

It is on this_____day of _____, 2020; hereby **ORDERED** that:

1.) Plaintiff's correction of the eCourts metadata to correctly identify the named Defendants

    as VERIZON MID ATLANTIC PPO MEDICAL PLAN, JOHN DOE (1-100) a fictitious

person who is presently unknown and XYZ CORP. (1-100), a fictitious partnership,

corporation, sole proprietorship, limited liability company and/or Self Funded health plan

whose identity is presently unknown IS HEREBY ALLOWED..

_____
                                                        J.S.C.

<u>Papers Filed With the Court</u>:
<u>XX</u>    Notice of Motion
<u>XX</u>    Movant's Certification
        Proposed Third Amended Complaint
        Movant's Brief
        Opposing Affidavit
        Opposing Brief
        Reply

# EXHIBIT A

**HALKOVICH LAW, LLC**
266 Harristown Road, Suite 302
Glen Rock, NJ 07452
(201) 292-1618
Attorney(s) For Plaintiff
Jeffrey M. Halkovich, Esq.
BAR ID #: 038522005

---

ROBERTA KOPKO, by it's attorney in fact
Progressive Spine and Orthopaedics, LLC under a
power of attorney,

           Plaintiff,

        -v-

VERIZON MID ATLANTIC PPO MEDICAL
PLAN, JOHN DOE (1-100) a fictitious person who is
presently unknown and XYZ CORP. (1-100), a
fictitious partnership, corporation,
sole proprietorship, limited liability company
and/or Self Funded health plan whose identity is
presently unknown

          Defendant(s).

**SUPERIOR COURT OF NEW JERSEY**
**BERGEN COUNTY**
**LAW DIVISION: CIVIL PART**

Docket No.:

**CIVIL ACTION**

**COMPLAINT**

---

The Plaintiff, ROBERTA KOPKO, by her Attorney in Fact Progressive Spine and

Orthopaedics, LLC, under a Power of Attorney, whose address XXX Chase Ave, Lyndhurst, New

Jersey, by way of Complaint against the Defendant(s), VERIZON MID ATLANTIC PPO

MEDICAL PLAN, JOHN DOE (1-100) and XYZ CORP (1-100) says:

<u>**THE PARTIES**</u>

1.     At all times mentioned hereinafter Plaintiff, ROBERAT KOPKO is an individual

with an address of XXX Chase Ave, Lyndhurst, New Jersey.

2.      At all relevant times, PROGRESSIVE SPIEN AND ORTHOPAEDCS, LLC, is the true and lawful Attorney in Fact for ROBERTA KOPKO.  (See Exhibit A.)

3.      Upon information and belief and at all times mentioned hereinafter Defendant(s), VERIZON MID ATLANTIC PPO MEDICAL PLAN, JOHN DOE (1-100) and/or XYZ CORP (1-100) is the Plan Sponsor of a self-funded employee welfare benefits plan within the meaning of the Employee Retirement Income Security Act of 1974 (ERISA) which provides its' beneficiaries, member(s) and/or insured(s) certain health and welfare benefits.

4.      At all relevant times mentioned hereinafter Defendant(s) VERIZON MID ATLANTIC PPO MEDICAL PLAN, JOHN DOE (1-100) and XYZ CORP (1-100) sponsored a health and welfare benefits Plan which provided certain health and welfare benefits to its insured, ROBERTA KOPKO.

5.      The Plan and/or its Third Party Administrator (TPA) assigned Insurance ID number AN6268XXX to Plaintiff.

## ANATOMY OF THE CLAIM

6.      This dispute arises from Defendant's failure to properly reimburse Plaintiff, ROBERTA KOPKA for the medically necessary, reasonable and valuable surgical services provided to her on or about September XX, 2019.

7.      On or about September XX 2019, Plaintiff, ROBERTA KOPKA was provided with certain medically necessary, reasonable and valuable surgical services for a certain lumbar spine surgery.

8.      ROBERAT KOPKA is a beneficiary, member and/or insured of Defendant(s)' Medical Plan and is eligible and entitled to benefits under the terms of same.

9.      On or about September 16, 2019, a HCFA 1500 claim form(s) was sent to Defendant and/or their Third Party Administrator (TPA) Anthem Blue Cross Blue Shield for reimbursement of the services provided to Plaintiff on September XX, 2019.

10.     On or about April 10, 2020, the Plans applicable administrative appeal procedures were exhausted.

11.     To date, the Plan has only paid $10,062.88 with regard to the treatment rendered to Plaintiff on September XX, 2019.

12.     At all times mentioned hereinafter, Defendant(s), VERIZON MID ATLANTIC PPO MEDICAL PLAN, JOHN DOE (1-100) and XYZ CORP (1-100) have failed to comply with the terms of its Plan, including but not limited to the out of network portion, maximum charges section, recognized charges section, maximum allowable charges and the medical/cpt coding section(s) of Defendant's Summary Plan Description (SPD) including but not limited to pages 9 and 10 of same.

13.     Accordingly, Plaintiff brings this action through its Attorney In Fact to enforce a Plan benefit pursuant to 29 U.S.C. §1132 (a)(1)(b) in the amount of $218,216.00.

<u>COUNT 1</u>

<u>ACTION TO ENFORCE A PLAN BENEFIT PURUSUNAT TO U.S.C. §1132 (a)(1)(b)</u>

14.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint and incorporates same by reference hereto.

15.     Section 502 (a)(1)(b) codified at 29 U.S.C. §1132 (a)(1)(b) provides a cause of action for a beneficiary or participant seeking to enforce a benefit under a Plan.

16.     Plaintiff has standing to seek the relief requested based on a true and lawful power of attorney executed by Roberta Kopko naming Progressive Spine and Orthopedics, LLC its true

and lawful Attorney in Fact. (See Exhibit A.)

17.    Plaintiff properly made a claim for benefits when it submitted a HCFA 1500 claim form to Defendant and/or their Third Party Administrator for the services rendered to Ms. Kopko on September 16, 2019.

18.    Furthermore, the Plans applicable administrative appeal procedures were exhausted.

19.    Roberta Kopko is entitled to additional reimbursement pursuant to the terms of Defendant's Plan, including but not limited to the out of network portion, maximum charges section, recognized charges section, maximum allowable charges and the medical/cpt coding section(s) of Defendant's Summary Plan Description (SPD) including but not limited to pages 9 and 10 of same in the amount of $218,216.00 for the services provided to her on September 16, 2019.

20.    Plaintiff alleges that Defendant's action to deny correct reimbursement for the services rendered to Roberta Kopko. was arbitrary, capricious, wrongful, improper, and in violation of the terms of its Plan.

21.    As a result, Roberta Kopko. has been damaged and continues to suffer damages in the amount of $218,216.00

**WHEREFORE**, Plaintiff, ROBERTA KOPKO by its Attorney in Fact Progressive Spine and Orthopaedics, LLC under a Power of Attorney, hereby demands judgment for damages against the Defendant(s), VERIOZN MID ATLANTIC PPO MEDICAL PLAN, JOHN DOE (1-100) and XYZ CORP (1-100) as follows:

A. For an Order directing Defendant to pay Plaintiff $218,216;

B. For an Order directing Defendant to pay Plaintiff all benefits Roberta Kopko. is entitled to under the terms of its Plan;

C. For compensatory damages and interest;

D. For attorneys' fees and costs

E. For such other relief as the Court may deem just and proper.

DATED:  April 30, 2020

Respectfully submitted,

Jeffrey M. Halkovich
HALKOVICH LAW, LLC
266 Harristown Road, Suite 302
Glen Rock, NJ 07452
(201) 292-1618
jhalkovich@halkovchlaw.com
*Attorneys for Plaintiff, Roberta Kopko by its attorney*
*in fact Progressive Spine and Orthopaedics, LLC*
*under a power of attorney*

## CERTIFICATION

In accordance with Rule 4:5-1, I hereby certify that the matter in controversy is not the subject of any other action in any Court or of a pending arbitration proceeding.

Jeffrey M. Halkovich
Attorney for Plaintiff

DATED:  April 30, 2020

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.  4:25-4 Plaintiff(s) hereby designate Charles H. Lynch, Esq. as trial counsel.

## CERTIFICATION PURSUANT TO R. 1:38-7

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

Jeffrey M. Halkovich
Attorney for Plaintiff

DATED: April 30, 2020

# EXHIBIT A

# LIMITED POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that I, Roberta Koeko (the "Grantor"), residing at . hereby declares as follows:

## I. APPOINTMENT OF ATTORNEY-IN-FACT

I hereby make, constitute and appoint ("Grant") PROGRESSIVE SPINE AND ORTHOPAEDICS, LLC as my true and lawful Attorney-in-Fact and Agent for me and in my name, place and stead and for my benefit, or any alternate appointed in accordance with the provisions of this agreement (the "Attorney-in-Fact" or "Agent").

## II. POWERS OF ATTORNEY-IN-FACT

I grant to my Attorney-In-Fact these limited powers and rights necessary to effect the following, including the power to:

a. pursue by any means necessary the collection of monies, funds, benefits, which may be due from my insurance company or plan sponsor for medical/surgical services performed by PROGRESSIVE SPINE AND ORTHOPEDICS, LLC and/or DR. JOSHUA ROVNER, MD on me. These means include but are not limited to the following powers: The right to obtain documentation from the insurance carrier or plan sponsor, to right to file appeals of any denials or underpayments, the right to file for arbitration, the right to initiate litigation in both state and federal court, the right to collect monies owed on my behalf and for any other means necessary to effect the collection of monies, funds or benefits which may be due me for services rendered by PROGRESSIVE SPINE AND ORTHOPEDICS, LLC and/or DR. JOSHUA ROVNER, MD.

## III. ADDITIONAL POWERS

In addition to and not by way of limitation upon any other powers conferred upon my Attorney-In-Fact and Agent herein, I grant to said Attorney-In-Fact full power and authority to do, take and perform each and every act and thing whatsoever requisite, proper, or necessary to be done, in the exercise of any of the rights and powers herein granted, or available under law to an attorney-in-fact, as fully to all intents and purposes as I might or could do if I were personally present, with full power of substitution or revocation, hereby ratifying and confirming all that said Attorney-In-Fact shall lawfully do or cause to be done by virtue of this power of attorney and the rights and powers herein granted.

## IV. HEALTH CARE AUTHORIZATION

This power will also serve to authorize **my Attorney-In-Fact** to act in my place and stead and this shall constitute a limited health care proxy allowing **my Attorney-In-Fact** to execute all necessary forms, make all distributions, pay all bills, and receive all medical benefits from any insurer. He/she shall also take such actions reasonable and necessary to implement such decisions, including the providing of financial resources.

## V. APPROVAL

I hereby approve and confirm all acts my Attorney-In-Fact does on my behalf. I hereby ratify and confirm all acts whatsoever my said Attorney-In-Fact or Agent shall do or cause to be done, by virtue of this power of attorney.

## VI. CONTINUANCE

This power of attorney shall remain in full force and effect until ~~and such time as I revoke the power of attorney in writing and deliver same to PROGRESSIVE SPINE AND ORTHOPEDICS, LLC via certified mail to 440 Curry Ave., Suite A, Englewood, NJ 07631.~~ APRIL 20, 2021

## VII. THIRD PARTY RELIANCE

Third parties may rely upon the representations of my Attorney-In-Fact as to all matters relating to any power granted to my Attorney-In-Fact as my Agent, and no person who may act in reliance upon the representations of my Agent or the authority granted to my Agent shall incur any liability to me or my estate as a result of permitting my Agent to exercise any power. Any third party may rely on a duly executed counterpart of this instrument, or a copy thereof, as fully and completely as if such third party had received the original of this instrument. Any third party may rely on the authority of any Alternate Attorney-In-Fact where such Alternate Attorney-In-Fact presents an original executed copy of this Power of Attorney. Such third party need not request proof that my Attorney-In-Fact or any prior named Alternate Attorney-In-Fact is unable or unwilling or serve in such capacity.

## VIII. EFFECTIVE DATE

The Grant to my Attorney-In-Fact shall take effect on the date of the execution of this Limited Power of Attorney.

2

## IX.  CONSTRUCTION

This instrument is to be construed and interpreted as a limited power of attorney. The enumeration of specific items, rights, acts or powers herein is not intended to, nor does it limit or restrict, and is not to be construed or interpreted as limiting or restricting the general powers herein granted to said Attorney-In-Fact. This instrument is executed and delivered in the State of New Jersey, and the laws of the State of New Jersey shall govern all questions as to the validity of this power and the construction of its provisions. Should any provision or power in this document not be enforceable, such enforceability shall not affect the enforceability of the rest of this document.

## X.  STATE LAW

This instrument is executed and delivered in the State of New Jersey, but it is intended that the applicable laws of any appropriate state shall govern all questions as to the validity of this power and the construction of its provisions.

This provision shall be interpreted in the broadest terms so as to remain in effect to the fullest extent provided for under the laws of the State of New Jersey, including, but not limited to:  N.J.S.A. 46:2B-8.

Witnessed by:

Witness:

Grantor:

Witness:

## ACKNOWLEDGMENT

)
)SS:
)

I CERTIFY that on the 20ᵗʰ day of April , 2020, Roberta Kaplo , personally came before me and acknowledged under oath, to my satisfaction, that this person (or if more than one, each person):

(a)  is named in and personally signed this document; and
(b)  signed, sealed and delivered this document as his or her act and deed.

ROZA JATKR
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES JAN. 26, 2021

3

D. Aizawa

**Verizon Mid Atlantic PPO**
**Medical Plan**
**One Verizon Way**
**Basking Ridge, NJ 07920**



FIRST-CLASS

*** PITNEY BOWES

US POSTAGE
$ 001.80⁰
02 7H
0001275878   MAY 12 2020
MAILED FROM ZIP CODE 07452